[Civ. No. 6438.   Second Appellate District, Division One.—March 5, 1931.]

C. M. WIDESS et al., Respondents, v. TITLE INSUR-ANCE AND TRUST CO. (a Corporation), Defendant; JENNIE B. DOANE, Appellant.

M. M. Lyter and Norman T. Mason for Appellant.

S. W. Newman and Jack G. Schapiro for Respondents.

CONREY, P. J.—This is an action arising out of a transaction, wherein the following are the principal items: (a) An option, by Jennie B. Doane, owner, to W. Ross

Campbell Company, to purchase a two-thirds undivided interest in described real property; (b) An assignment of the option, by optionee to plaintiffs; (c) Notice to defendant Doane of exercise of right to purchase under the terms of the option, and that ''escrow has been made'' with the Title Insurance and Trust Company; (d) Delivery of check for $5,000, by plaintiffs to said title company, as a deposit on said option, but to be used in accordance with written instructions concurrently delivered and which were signed by the plaintiffs; (e) Demand by plaintiffs, for return of the $5,000, and compliance refused by the title company.

Thereafter, plaintiffs having commenced this action against the Title Insurance and Trust Company to recover said sum of $5,000, the money was deposited in court by said defendant (in accordance with section 386 of the Code of Civil Procedure), and Jennie B. Doane was substituted as defendant. Thereafter, by answer, Mrs. Doane pleaded the facts relied upon by her to establish her claim to said money. From judgment entered in favor of plaintiffs, the defendant Doane appeals.

The findings of the court adequately cover the issues raised by the pleadings. The court found as follows:

''I.

''That on the 23rd day of February, 1928, plaintiffs deposited with the Title Insurance and Trust Company, a corporation, the original defendant herein, the sum of $5000.00, with instructions executed concurrently therewith, which provided that said sum of money was to be held and used by said Title Insurance and Trust Company in the manner and in accordance with instructions to be executed and delivered by the plaintiffs to said defendant; that pursuant thereto, and in furtherance thereof, and as a part of said transaction, and for the purpose of controlling the disposition of said sum and the manner in which the same could be used by the Title Insurance and Trust Company, or any other person, the plaintiffs made, executed and delivered further written instructions which provided that in the event the said Title Insurance and Trust Company was unable, by the 24th day of March, 1928, to issue and deliver its Guarantee or Policy of Title Insurance showing the title to certain property therein described to be vested in C. M. Widess and David Tierstein as to an undivided two-thirds

thereof and Liberty Mortgage Company, Henry G. Bodkin and John F. Sheran as to an undivided one-third thereof, free from encumbrances except the second instalment of taxes for the fiscal year 1927–28, that then and in such event, the said Title Insurance and Trust Company was to return to the plaintiffs, on demand, said sum of $5,000.00 deposited as aforesaid.

"II.

"That on and prior to the 24th day of March, 1928, there existed numerous judgments against said John F. Sheran and by reason thereof, the Title Insurance and Trust Company was unable and unwilling to write or deliver its Guarantee or Policy of Title Insurance assuring to the plaintiffs herein the title as aforesaid.

"III.

"That thereupon and after the 24th day of March, 1928, the plaintiffs made demand upon the Title Insurance and Trust Company for a return of said sum of $5,000.00 but said Title Insurance and Trust Company did not pay said sum to the plaintiffs, or any part thereof.

"IV.

"That after the commencement of this action the Title Insurance and Trust Company filed its answer herein, showing conflicting claims to said fund by reason of the fact that one Jennie B. Doane made claim to said fund and thereupon, said Jennie B. Doane was substituted as party defendant herein, and pursuant to order of Court, the said Title Insurance and Trust Company caused to be deposited said sum of $5,000.00 with the County Clerk of Los Angeles County and said fund is now on deposit with the County Clerk of Los Angeles County.

"V.

"That on the 17th day of February, 1928, the substituted defendant, Jennie B. Doane, made, executed and delivered a certain option in writing to W. Ross Campbell Company and said W. Ross Campbell Company did, on the 23rd day of February, 1928, assign said option to the plaintiffs herein; that on the said 23rd day of February, 1928, the plaintiffs herein caused to be delivered to said Jennie B. Doane, an instrument in writing wherein they stated that the option aforesaid has been assigned to them and was exercised in accordance with and subject to the terms

thereof, as is more particularly in said letter, heretofore received in evidence, set forth.

"VI.

"That it is not true that on the said 23rd day of February, 1928, or at any other time, plaintiffs paid to the said Title Insurance and Trust Company, pursuant to the terms and conditions of said option and purchase contract, and/or for the use and benefit of said Jennie B. Doane, and/or to be applied on the purchase contract of said real estate, the said sum of $5,000.00 aforesaid, and it is true that said sum of $5,000.00 aforesaid, was paid to the Title Insurance and Trust Company, pursuant to and in accordance with the escrow instructions hereinbefore referred to, and that the disposition thereof was governed and controlled by said escrow instructions and not by any other instrument whatsoever."

It may be conceded that, at the time when the plaintiffs deposited the money with the escrow-holder and gave the escrow instructions, the option given by appellant to the assignor of plaintiffs had ripened into a contract of purchase and sale of the property described in the option papers. It may further be conceded that, under the terms of the agreement, the vendor had not obligated herself to see that the one-third interest of Liberty Mortgage Company et al., in said real property should be free from encumbrance. Nevertheless, the plaintiffs, in said escrow instructions, in direct terms and without including any explanation of the reason therefor, authorized the escrow-holder to use the deposited money with "your escrow No. 1049125" when the escrow-holder could issue its guarantee certificate showing record title vested in the plaintiffs as to an undivided two-thirds of the property and in the other parties named as to an undivided one-third, free from encumbrances (with the exception of certain tax items, etc.). It was stipulated in the instructions that time was, of the essence thereof and that if on or before March 24, 1928, the title company was unable to comply with the instructions and the plaintiffs had complied therewith, then all money deposited by the plaintiffs should be returned to them on their written demand. It is an undisputed fact that the title of the owners of the one-third interest was encumbered by judgment liens and for that reason the title

company was unable to comply with said escrow instructions within the time limited.

In this case we are not concerned with any rights which appellant may have or assert against respondents by reason of any breach of their contract of purchase of appellant's interest in said real property. The only question here relates to the right of the plaintiffs to have said sum of $5,000 returned to them. And that right must be determined as of the time of the commencement of this action, when the plaintiffs filed their complaint against the Title Insurance and Trust Company. If respondents were then entitled to judgment against the title company, they are now entitled to such judgment against the substituted defendant. Money deposited by a vendee with an escrow-holder, under such instructions as were given by respondents in this case, was not deposited with the escrow-holder *for the account of the vendor* at the time when the deposit was made, but was only to be so applied when the title company could secure for the vendee the described "guarantee" certificate. Pending the procurement of the title guarantee, the escrow-holder held the money in trust for the vendee and the vendor had no claim to it. (*Hildebrand* v. *Beck,* 196 Cal. 141, 145 [39 A. L. R. 1076, 236 Pac. 301].)

In substance, the grounds of appeal relied upon by appellant are all presented on the assumption that the money claimed by appellant was paid into escrow for her benefit, under a contract which entitled her to payment of the purchase price of her interest in the land; and it is contended that, since she had a good and unencumbered title to an undivided two-thirds interest in said land and had complied with her agreement, she was entitled to have paid over to her the said $5,000 deposit. But as we have shown, the money paid into the hands of the escrow-holder could not be deemed to be paid in "for her benefit" until the conditions for payment to her, as set forth in the escrow instructions, were fulfilled. Those conditions never were fulfilled. It has not been alleged or proved that the requirements written into the escrow instructions by the respondents were fraudulently placed therein, or concealed from appellant. If she did not read said instructions at the time when she deposited her deed with the escrow-holder, that omission was the result of her own negligence, and does not

change the controlling fact that, so far as the deposit of money in escrow is concerned, the depositors had the right to withdraw said money in accordance with the terms of said escrow instructions.

The judgment is affirmed.

Houser, J., and York, J., concurred.